UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ARTHULA MILLER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 1:16-cv-01048-LJM-MPB |
| ) | |
| SUPERINTENDENT, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a writ of federal habeas corpus. As Justice O'Connor noted in *Daniels v. United States*, "[p]rocedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001). *See also United States v. Olano*, 507 U.S. 725, 731 (1993). For the reasons explained in this Entry, the effort Arthula Miller to navigate those barriers to challenge his state conviction fails. His petition for a writ of habeas corpus will therefore be denied. In addition, the Court finds that a certificate of appealability should not issue. This disposition is compelled by the following facts and circumstances:

1. A Marion County jury found Miller guilty of rape, criminal confinement, criminal deviate conduct, burglary, intimidation and battery. An executed sentence of 90 years was imposed.

2. Miller's direct appeal was dismissed on October 5, 2007, so that he could utilize the *Davis/Hatton* procedure. This procedure involves the termination or suspension of a direct appeal that has already been initiated, upon appellate counsel's motion for remand or stay, in order to allow a post-conviction relief petition to be pursued in the trial court. *See Slusher v. State,* 823 N.E.2d 1219, 1222 (Ind.Ct.App. 2005) (citing *Hatton v. State,* 626 N.E.2d 442, 443 (Ind. 1993); *Davis v. State,* 368 N.E.2d 1149, 1151 (1977)). If, after a full evidentiary hearing, the petition for post-conviction relief is denied, the appeal can be reinitiated. *See id.* Under such circumstances, the direct appeal and the post-conviction relief appeal are consolidated. *See id.* Therefore, in addition to the issues initially raised in the direct appeal, the issues litigated in the post-conviction relief proceeding may also be raised. *See id.* "This way, a full hearing and record on the issues will be included in the appeal." *Id.*

3. On March 7, 2011, Miller filed a petition for post-conviction relief. That petition was denied on December 5, 2012. This disposition was affirmed in *Miller v. State*, 997 N.E.2d 1184 (Ind. Ct. App. 2013) (Table). Transfer was denied by the Indiana Supreme Court on September 25, 2014, and the United States Supreme Court then denied Miller's petition for certiorari review. 135 S. Ct. 1736 (2015). The filing of the present action followed on May 3, 2016. Miller's custodian has appeared in the action and argues, among other matters, that the action was not timely filed.

4. In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Anti-Terrorism and Effective Death Penalty Act of 1996, revised several of the statutes governing federal habeas relief. *See Williams v. Taylor*, 529 U.S. 362, 404 (2000). Along

with triggering dates not applicable here, "[u]nder 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition." *Gladney v. Pollard,* 799 F.3d 889, 894 (7th Cir. 2015).

5. The dates pertinent to the application of the statute of limitations in the present case are the following:

   a. Miller's conviction became final on October 11, 2007. This was the day his direct appeal was dismissed. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012) ("[T]he judgment becomes final . . . when the time for pursuing direct review . . . expires.").

   b. Miller had one year, through October 11, 2008, in which to either file his federal petition for writ of habeas corpus or an action for state post-conviction relief if his statute of limitations was to be tolled.

   c. Miller's state post-conviction relief action was filed on May 7, 2011, which was 877 days after his conviction became final.

   d. The state for post-conviction relief action remained pending until April 6, 2015, at which time the United States Supreme Court denied Miller's petition for a writ of certiorari review.

   e. The federal habeas action was filed on May 3, 2016, which was 393 days after the petition for a writ of certiorari review was denied.

6. The respondent is correct that this action was filed more than eight and one-half years after Miller's conviction became final and that Miller's state post-conviction relief action was filed more than one year after his conviction became final.

7. Miller suggests that he is entitled to a period of equitable tolling because his attorney abandoned him following the dismissal of his direct appeal. The limitations period may be equitably tolled if a petitioner establishes "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented

timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Miller's argument of equitable tolling lacks merit for two reasons. *First*, the three and one-half year period between the dismissal of Miller's appeal and the filing of his state post-conviction relief action shows that Miller was not diligent in pursuing his post-conviction relief remedy. *Second,* Miller permitted *more than a full year* to elapse between the denial of his petition for certiorari review and the filing of the federal habeas petition.

8. "[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Miller has encountered the hurdle produced by the one-year statute of limitations. He has not shown the existence of circumstances permitting him to overcome this hurdle, and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore dismissed as untimely without a decision being made as to the merits of his claims. *See Bachman v. Bagley*, 487 F.3d 979, 982 (6th Cir. 2007). Judgment consistent with this Entry shall now issue.

9. Pursuant to Rule 11(a) of the *Rules Governing Section 2254 Cases*, the Court finds that Miller has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore declines to issue a certificate of appealability.

IT IS SO ORDERED.

Date: 5/31/0217

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution Attached

Distribution:

Jesse R. Drum
INDIANA ATTORNEY GENERAL
jesse.drum@atg.in.gov

ARTHULA  MILLER
135730
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362